C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
E.D. New York.
Carleen GREENIDGE, Plaintiff,
v.
BEN HUR MOVING & STORAGE, INC., Big Ben Van Lines a/k/a Big Ben Van Lines,
Inc., Ben Hur Relocations a/k/a Ben Hur Relocation Services, Inc., Ben Hur Los
Angeles a/k/a Ben Hur Los Angeles, Inc., and Alon Modlin, Defendants.
**No. 02-CV-1635 (ERK).**

Aug. 6, 2002.

Former employee filed Title VII action alleging that employer had discriminated against her on basis of her race and gender and retaliated against her for her previous complaints of discrimination. On employer's motion for summary judgment, the District Court, Korman, Chief Judge, held that suit was untimely.

Motion granted.

West Headnotes

**[1] Civil Rights  1530**
78k1530 Most Cited Cases
Limitations period for former employee to bring Title VII action began to run as soon as her counsel received actual notice of issuance of right-to-sue letter by Equal Employment Opportunity Commission (EEOC). Civil Rights Act of 1964, § 706(f)(1), as amended, 42 U.S.C.A. § 2000e-5(f)(1).

Peter J. Pike, Pike & Pike, P.C., Bellmore, NY, for plaintiff.

Gil Santamarina, Santamarina & Assocs., New York, NY, for defendants.

**MEMORANDUM & ORDER**

KORMAN, Chief Judge.

**\*1** Plaintiff, Carleen Greenidge, alleges that she was employed as a salesperson by defendants Ben Hur Moving & Storage, Inc., Big Ben Van Lines a/k/a Big Ben Van Lines, Inc., Ben Hur Relocations a/k/a Ben Hur Relocation Services, Inc., Ben Hur Los Angeles a/k/a Ben Hur Los Angeles, Inc. and Alon Modlin from May 15, 2000 until January 4, 2001, when her employment was terminated. (Compl.¶ 15.) Modlin is allegedly the president of some or all of the corporate defendants. (*Id.* ¶ 7.)

On February 9, 2001, plaintiff filed a charge of discrimination against defendants with the Equal Employment Opportunity Commission ("EEOC"), alleging that defendants had discriminated against her on the basis of her race and gender and retaliated against her for her previous complaints of discrimination, all in violation of Title VII of the Civil Rights Act of 1964. (Compl. ¶ 12; Pike Affirmation Ex. 3.) On June 7, 2001, the EEOC issued a right-to-sue letter dismissing plaintiff's charge and notifying her that she could pursue her Title VII claims by filing a lawsuit within 90 days of her receipt of the letter. (Compl. ¶ 12; Santamarina Affirmation Ex. G.) The right-to-sue letter, which was addressed to plaintiff and copied to counsel for defendants, explained that the dismissal was based on the ground that there existed "[n]o employee-employer relationship" between the parties. (Santamarina Affirmation Ex. G.)

Plaintiff alleges in her complaint that she never received the EEOC's right-to-sue letter. (Compl.¶ 12.) Plaintiff has also submitted an affidavit in which she states: "At no time did I or anyone else residing [at my address] ever receive a copy of [the right-to-sue letter] from the EEOC." (Greenidge Aff. ¶ 4.) Counsel for defendants, on the other hand, did receive a copy of the right-to-sue letter by mail shortly after it was issued on June 7, 2001. (Santamarina Affirmation ¶ 19 & Ex. G.) The postage-meter stamp on the envelope addressed to counsel for defendants indicates that the EEOC mailed the letter on June 7, 2001. (*Id.* at Ex. G.)

By letter dated September 10, 2001, counsel for plaintiff requested that the EEOC issue a right-to-sue letter with respect to plaintiff's charge of discrimination. (Pike Affirmation ¶ 15 & Ex. 2.) Counsel for plaintiff's September 10, 2001 letter was presumably lost as a result of the destruction of the EEOC's offices in the World Trade Center on September 11, 2001; in any event, the EEOC never responded to it. (*Id.* at ¶ ¶ 15-16.) By letter dated November 7, 2001, counsel for plaintiff sent the EEOC copies of all the documents previously submitted with respect to plaintiff's charge in order to replace those documents lost on September 11, 2001. (*Id.* at ¶ 16 & Ex. 3.) By the same letter, counsel for

plaintiff also requested for a second time that the EEOC issue a right-to-sue letter. (*Id.*)

In the complaint and motion papers, counsel for plaintiff obfuscated the history of its communications with the EEOC following its November 7, 2001 request for the issuance of a rightto-sue letter. Neither the complaint nor plaintiff's affidavit sheds any light on the timing or content of those communications. One of the attorneys at the law firm representing plaintiff refers in his affirmation to the November 7, 2001 request and then states only that sometime "[t]hereafter" his firm received notice that the EEOC had issued a right-to-sue letter. In another part of his affirmation he states: "While affirmant does possess a copy [of the right-to-sue letter], that copy was not received through my client, but from directly from [*sic* ] the EEOC at my office's request."

**\*2** Pursuant to an inquiry from my chambers, I was informed by letter dated July 25, 2002 that the law firm representing plaintiff was in possession of "an inter-office memo[randum], dated January 8, 2002[,] which noted that this firm was advised by the EEOC in a letter dated late November, 2001 that plaintiff was issued a Notice of Right to Sue on June 7, 2001." The July 25, 2002 letter also stated that a copy of the EEOC letter could not be located, and that "[a]ll I can surmise is that this office received such a letter between sometime in November, 2001 and January 8, 2002." By order dated July 25, 2002, counsel for plaintiff was directed to bring a copy of its January 8, 2002 inter-office memorandum to the hearing on defendants' motion to dismiss. At the hearing, counsel for plaintiff provided me with a copy of the EEOC letter that it had previously been unable to locate. In that letter, which was dated November 14, 2001, the EEOC informed counsel for plaintiff that it had dismissed plaintiff's charge of discrimination and sent her a right-to-sue letter by certified mail on June 7, 2001. The EEOC also stated that it could not provide counsel for plaintiff with a copy of the right-to-sue letter, since it had lost all of its files as a result of the destruction of its offices on September 11, 2001.

On March 15, 2002, plaintiff filed the complaint in this action, claiming that defendants discriminated and retaliated against her in violation of Title VII, the New York State Human Rights Law and the Administrative Code of the City of New York. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Because I consider matters outside the pleadings in my disposition of this motion, I treat it as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. *See* Fed.R.Civ.P. 12(b).

DISCUSSION

Section 2000e-5(f)(1) of Title VII provides in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission ... the Commission ... shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved ....

42 U.S.C. § 2000e-5(f)(1). The EEOC has promulgated regulations that implement the notice requirement of § 2000e-5(f)(1). *See* 29 C.F.R. § 1601.28. The regulations provide that "[w]here the Commission has dismissed a charge ... it shall issue a notice of right to sue ... to ... [t]he person claiming to be aggrieved ...." § 1601.28(b)(3). The notice of right to sue (more commonly referred to as a right-to-sue letter) must include an "[a]uthorization to the aggrieved person to bring a civil action ... within 90 days from the receipt of such authorization" and "[a]dvice concerning the institution of such civil action by the person claiming to be aggrieved." § 1601.28(e).

**\*3** There is a presumption that the EEOC mails a right-to-sue letter to the claimant on the date of its issuance, *i.e.,* the date shown on the letter. *Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 526 (2d Cir.1996). There is also a presumption that the claimant receives the right-to-sue letter three days after its mailing. *Id.* at 525. However, neither of these presumptions is irrebuttable. *Id.* at 526. "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* Similarly, an affidavit by the claimant stating that she never received the right-to-sue letter sent by the EEOC may rebut the presumption of receipt. *See Williams v. Manhattan East Suite Hotels,* No. 98 Civ. 6825, 1999 WL 212690, at \*2-\*3 (S.D.N.Y. Apr.12, 1999) (Chin, J.) (plaintiff's sworn statement that post office never notified him of its attempt to deliver certified right-to-sue letter rebutted presumption of receipt, where other circumstances suggested error by post office).

Where the claimant is represented by counsel, the 90-day limitations period for bringing a Title VII action begins to run on the date that the right-to-sue

letter is first received either by the claimant or by her counsel. *Josiah-Faeduwor v. Communications Satellite Corp.,* 785 F.2d 344, 346-47 (D.C.Cir.1986) (per curiam); *Ringgold v. Nat'l Maintenance Corp.,* 796 F.2d 769, 770 (5th Cir.1986) (per curiam); *Jones v. Madison Serv. Corp.,* 744 F.2d 1309, 1312 (7th Cir.1984) (per curiam); *Gonzalez v. Stanford Applied Eng'g, Inc.,* 597 F.2d 1298, 1299 (9th Cir.1979) (per curiam); *see also Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 92, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (30-day limitations period specified in § 2000e-16(c) for bringing of Title VII action against Federal Government begins to run upon receipt of right-to-sue letter by claimant or her counsel).

The Sixth Circuit has held that the 90-day limitations period for bringing a Title VII action begins to run as soon as the claimant's counsel receives actual notice of the issuance of a right-to-sue letter by the EEOC. *See Ball v. Abbott Adver., Inc.,* 864 F.2d 419, 421 (6th Cir.1988). The claimant in *Ball* did not receive the right-to-sue letter mailed to her by the EEOC in February 1984, because she had failed to notify the EEOC of her change of address. *Id.* at 420. One month later, in March 1984, the claimant's counsel telephoned the EEOC and learned that the right-to-sue letter had been issued and returned as undeliverable. *Id.* The claimant's counsel requested that the EEOC send the claimant another copy of the letter at her new address. *Id.* Five months later, in August 1984, the EEOC sent another copy of the letter to the claimant, who subsequently commenced the action. *Id.* The Sixth Circuit held that the claimant's action was time-barred, because there was "no question that in March of 1984 [she had] received actual notice, through counsel, that the EEOC had issued the right-to-sue letter." *Id.* at 421. *See also Colquett v. Rockford Register Star,* No. 00 C 50215, 2001 WL 699933, at *1 (N.D.Ill. June 21, 2001) (90-day limitations period began to run when claimant's counsel was informed that EEOC had issued right-to-sue letter to claimant).

**\*4** The Sixth Circuit's holding in *Ball* is consistent with both the letter and the spirit of § 2000e-5(f)(1) and the EEOC regulations. Section 2000e-5(f)(1) requires only that the EEOC "notify" the claimant of its dismissal of a charge of discrimination. The regulations, it is true, require that the notice contain certain additional information, including an "[a]uthorization ... to bring a civil action ... within 90 days from the receipt of such authorization" and "[a]dvice concerning the institution of such civil action." 29 C.F.R. § 1601.28(e). However, the information contained in the notice is clearly intended to be for the benefit of a claimant lacking legal representation. Where, as in *Ball,* the EEOC notifies the claimant's attorney that it has dismissed the charge of discrimination and issued the required notice to the claimant, there is simply no rational basis for holding that the 90-day limitations period does not begin to run. *See Ball,* 864 F.2d at 421 ("The courts are not required to proceed as if no such notice had been given, [claimant's] lawyer having sworn in an affidavit that he knew it had been.").

Here, I need not decide whether plaintiff has successfully rebutted the presumption that she received the right-to-sue letter on June 10, 2001, three days after the EEOC sent it to her by certified mail. *See Sherlock,* 84 F.3d at 525. Even assuming that plaintiff's statement that she never received the letter is sufficient, standing alone, to rebut this presumption, her action is nonetheless time-barred because she failed to file her complaint within 90 days of receiving actual notice, through counsel, that the EEOC had issued a right-to-sue letter. *See Ball,* 864 F.2d at 421. After much obfuscation, at the hearing on this motion counsel for plaintiff provided me with a copy of a letter, dated November 14, 2001, that it had received from the EEOC. In that letter the EEOC informed counsel for plaintiff that it had dismissed plaintiff's charge of discrimination and sent her a right-to-sue letter by certified mail on June 7, 2001. Notwithstanding this unequivocal notice, plaintiff did not bring this action until four months after the EEOC's November 14, 2001 letter. Because plaintiff was unable to offer any explanation, either in the motion papers or at the hearing, for her failure to bring this action within the 90-day limitations period, her Title VII claims must be dismissed.

## CONCLUSION

Defendants' motion to dismiss plaintiff's Title VII claims, which is treated as a motion for summary judgment, is granted. Plaintiff's state law claims are dismissed without prejudice.

SO ORDERED.

2002 WL 1796812 (E.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:02CV01635 (Docket) (Mar. 15, 2002)

END OF DOCUMENT