```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
JONATHAN JUNG,                                                     :
                                                                   :
                        Plaintiff,                                 :
                                                                   :
                                                                   :
            -against-                                              :   Case No. 05 CV 4286(MBM)
                                                                   :
                                                                   :
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,                              :
LLP,                                                               :
                                                                   :
                        Defendants.                                :
------------------------------------------------------------------ X
```

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S OPPOSITION TO DEFENDANTS'
# MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION

BRENDAN CHAO
Attorney for Plaintiff
150 Great Neck Road, Suite 304
Great Neck, New York 11021
(516) 466-2033

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT............................................................................1

STATEMENT OF FACTS....................................................................................3

ARGUMENT.........................................................................................................5

    I.    DEFENDANTS' DECISION TO MOVE TO DISMISS THE COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) CONSTITUTES A WAIVER OF ANY RIGHT TO ARBITRATE .................5

    II.    DEFENDANTS' FAILURE TO MOVE TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS IN THEIR FRCP RULE 12(b)(6) MOTION CONSTITUTES IMPERMISSIBLE FORUM AND LAW SHOPPING ..................................................................................9

    III.    FEDERAL COURTS HAVE THE AUTHORITY TO DETERMINE WHETHER A PARTY HAS WAIVED ITS RIGHT TO ARBITRATE ..........11

CONCLUSION....................................................................................................13

# TABLE OF AUTHORITIES

**CASES**

|  | Page |
|---|---|
| Allied Sanitation, Inc. v. Waste Management Holdings, Inc., 97 F. Supp. 2d 320 (E.D.N.Y. 2000) | 10 |
| Company of Kingston v. Latona Trucking, Inc., 159 F.3d 80 (2d Cir. 1998) | 12 |
| Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574 (2d Cir. 1991) | 6 |
| Cotton v. Slone, 4 F.3d 176 (2d Cir. 1993) | 6 |
| D.H. Blair & Co., Inc. v. Johnson, Not reported in F. Supp., 1995 WL 422162 (S.D.N.Y. 1995) | 9 |
| Doctor's Associates, Inc. v. Distajo, 66 F.3d 438 (2d Cir. 1995) | 5 |
| Kramer v. Hammond, 943 F.2d 176 (2d Cir.1991) | 6 |
| Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67 F.3d 20 (2d Cir. 1995) | 5 |
| Matter of U.S. Offshore, Inc. (Seabulk Offshore, Ltd.), 753 F. Supp. 86 (S.D.N.Y. 1990) | 10 |
| PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d 103 (2d Cir. 1997) | 8 |
| S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80 (2d Cir. 1998) | 6 |
| Sweater Bee by Banff, Ltd. v. Manhattan Industries, Inc., 754 F.2d 457 (2d Cir. 1985) | 11 |
| Teltronics Services, Inc. v. L. M. Ericsson Telecommunications, Inc., 642 F.2d 31 (2d Cir. 1981) | 5 |

Thyssen, Inc. v. Calypso Shipping Corp.,
    310 F.3d 102 (2d Cir. 2002)..................................................................................6

Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp.,
    996 F.2d 1478 (2d Cir. 1993)..................................................................................8


**STATUTES AND RULES**

Federal Arbitration Act, 9 U.S.C §§ 1 et seq. .......................................................................1

Plaintiff, Jonathan Jung ("Mr. Jung" or "Plaintiff"), submits this memorandum of law in opposition to Defendant Skadden, Arps, Slate, Meagher & Flom's ("Skadden Arps" or "Defendants") motion to compel arbitration and stay this action.

## PRELIMINARY STATEMENT

Defendants advance several arguments in support of their motion to compel arbitration and stay this action: (1) the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"), favors arbitration; (2) the arbitration agreement is valid; (3) Plaintiff's claims are within the scope of the arbitration agreement; (4) Plaintiff's discrimination claims are arbitrable; and (5) arbitrators have "exclusive authority" to determine the applicability and enforceability of the arbitration agreement in question.

Plaintiff in opposition contends that Defendants took a litigation position that was inconsistent with an intent to arbitrate the within dispute. That is, by initially moving to dismiss the complaint pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6), Defendants signaled their intention to litigate rather than arbitrate this dispute, and thus waived their right to arbitrate.

In filing only a FRCP Rule 12(b)(6) motion to dismiss, Defendants engaged in impermissible "forum and law shopping" in an attempt to have Plaintiff's complaint dismissed by this Court rather than pursuing their right to arbitrate. The American Arbitration Association ("AAA"), the arbitral forum called for in the arbitration agreement that Defendants seek to enforce, does not have a procedural mechanism similar to FRCP Rule 12(b)(6) that permits a defendant/respondent to apply for dismissal of a plaintiff/claimant's claims.[1] Defendants have

---

[1] The arbitration agreement that Defendants seek to enforce, see Defendants' Exhibit B, contains a section entitled Arbitration Rules and Procedure. Id. at p. 4. Defendants have designated that "any arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the AAA…(unless *the Firm elects* that the arbitration be

sought a tactical advantage in using the authority of this Court and the FRCP to dismiss Plaintiff's claims; such tactical maneuvering is not readily available before the AAA. Following this Court's denial of their FRCP Rule 12(b)(6) motion to dismiss, Defendants sought a "second bite" at the apple in moving to compel arbitration.

Defendants should not be permitted to "have it both ways." Defendants' use of a procedural mechanism not available in arbitration, FRCP Rule 12(b)(6), to dismiss Plaintiff's complaint is a ploy not contemplated by the FAA, nor should it be countenanced by this Court. Upon learning of their unsuccessful FRCP Rule 12(b)(6) motion, Defendants immediately informed the Court of their intention to move to compel arbitration. Defendants seek to shield their further participation in this litigation by resorting to enforcement of an arbitration agreement. At no time during pre-suit discussions with counsel for Plaintiff did Defendants raise the issue of arbitration, nor did Defendants mention the existence of an arbitration agreement during several discussions following the filing of Plaintiff's complaint. The first time counsel for Plaintiff learned of an arbitration agreement was in Court following the Court's reading of the decision denying Defendants' FRCP Rule 12(b)(6) motion to dismiss.

Plaintiff was forced to oppose Defendants' FRCP Rule 12(b)(6) motion, and was in the precarious position of having his case dismissed if Defendants prevailed on their motion. Plaintiff queries whether he would have been allowed to seek arbitration had Defendants' FRCP Rule 12(b)(6) motion been successful. This would be highly unlikely given the *res judicata* effect of such a judgment.

---

conducted pursuant to the AAA's National Rules for the Resolution of Employment Disputes...") Id. (Emphasis added).

2

## STATEMENT OF FACTS

On or about July 6, 2004, counsel for Plaintiff sent a letter to a human resources employee of Defendant Skadden Arps, Mr. Vaughn Burke, regarding counsel's notice of appearance on behalf of Mr. Jung. See Chao letter to Burke attached hereto as Plaintiff's Exhibit 1.

On or about July 14, 2005, Henry P. Baer, Esq. ("Mr. Baer") sent a letter to counsel for Plaintiff indicating that he was representing Defendants. Mr. Baer did not mention the existence of an arbitration agreement in his letter. See Baer letter to Chao attached hereto as Plaintiff's Exhibit 2.

On or about October 7, 2004, counsel for Plaintiff faxed a copy of Plaintiff's charge of discrimination to Mr. Baer, which was subsequently filed with the Equal Employment Opportunity Commission ("EEOC") on or about October 12, 2004. See Plaintiff's charge of discrimination with fax cover and confirmation page attached hereto as Plaintiff's Exhibit 3.

On or about December 15, 2004, Defendants filed their position statement with the EEOC in opposition to Plaintiff's charge of discrimination. See Defendant's position statement attached hereto as Plaintiff's Exhibit 4. Defendants' position statement was not less than twenty-one (21) pages, and makes no reference to an arbitration agreement. Id.

On or about April 29, 2005, Plaintiff filed a complaint in United States District Court for the Southern District of New York alleging numerous acts of discrimination by Defendants.

On or about May 16, 2005, counsel for Plaintiff received a phone call from counsel for Defendants, David E. Schwartz ("Mr. Schwartz"), requesting additional time to respond to the complaint. Counsel for Plaintiff acquiesced to this request, and duly signed a

stipulation extending Defendants' time to respond to the complaint. See Stipulation attached hereto as Plaintiff's Exhibit 5. At no time during the discussion regarding the extension of time to respond to the complaint did Mr. Schwartz mention an arbitration agreement, or his clients' desire to arbitrate.

On or about June 10, 2005, Defendants served and filed a FRCP Rule 12(b)(6) motion to dismiss Plaintiff's complaint.

On October 20, 2005, both parties appeared before this Court to receive the Court's decision on Defendants' motion to dismiss. This Court denied Defendants' motion to dismiss, and gave Plaintiff permission to amend his complaint. During this conference, Mr. Schwartz stated for the first time that his clients intended to file a motion to compel arbitration. More than fourteen months had elapsed between the first communication between the parties regarding Plaintiff's claims of discrimination, and Defendants' stated intention to arbitrate.

On or about October 20, 2005, Mr. Schwartz faxed a copy of an arbitration agreement ostensibly signed by Plaintiff. See Defendants' Exhibit E. Mr. Schwartz requested that Plaintiff voluntarily submit his claims to arbitration, which Plaintiff refused to do through counsel on or about October 28, 2005. See Defendants' Exhibit F.

Defendants were apparently aware of the existence of an arbitration agreement prior to the filing of Plaintiff's complaint. In a footnote to their memorandum of law in support of their FRCP Rule 12(b)(6) motion to dismiss, Defendants sought to preserve their right to compel arbitration: "By filing this motion, the Firm is not waiving any claims or defenses, including but not limited to, the right to compel arbitration." See Defendants' memorandum of law in support of FRCP Rule 12(b)(6) motion at 1 n.2. The arbitration agreement was not made part of Defendants'

4

FRCP Rule 12(b)(6) motion. See Defendants' notice of motion to dismiss Plaintiff's complaint with attached exhibits.

## ARGUMENT

I.      DEFENDANTS' DECISION TO MOVE TO DISMISS THE COMPLAINT PURSUANT TO FRCP RULE 12(b)(6) CONSTITUTES A WAIVER OF ANY RIGHT TO ARBITRATE

Defendants chose the Southern District of New York to decide the merits of Plaintiff's complaint by filing a FRCP Rule 12(b)(6) motion to dismiss. Defendants had the option of simultaneously filing the instant motion to compel arbitration and stay this action along with their FRCP Rule 12(b)(6) motion to dismiss, but made a tactical decision not to with the expectation that the complaint would be dismissed. Had Defendants filed the instant motion simultaneously with their FRCP Rule 12(b)(6) motion it is unlikely that this Court would have expended judicial resources in deciding the merits of the FRCP Rule 12(b)(6) motion, but instead would have stayed the action pending the outcome of the arbitration. Now, Plaintiff and the Court are faced with Defendants' motion to compel arbitration and stay this action because Defendants' FRCP Rule 12(b)(6) motion was unsuccessful.

"[T]he rule of this circuit ... is that the litigation of substantial issues going to the merits may constitute a waiver of arbitration." Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 455 (2d Cir. 1995) (citations omitted). A motion to dismiss an action pursuant to FRCP Rule 12(b)(6) is considered a motion on the merits. "Judgments under [FRCP] [R]ule 12(b)(6) are on the merits, with *res judicata* effects." Teltronics Services, Inc. v. L. M. Ericsson Telecommunications, Inc., 642 F.2d 31, 34 (2d Cir. 1981) (citation omitted).

While waiver of arbitration is not to be lightly inferred, the issue is fact-specific and there are no bright-line rules. Leadertex, Inc. v. Morganton Dyeing & Finishing Corp., 67

5

F.3d 20, 25 (2d Cir. 1995). Factors to consider include (1) the time elapsed from the commencement of litigation to the request for arbitration; (2) the amount of litigation (including exchanges of pleadings, any substantive motions, and discovery); and (3) proof of prejudice, including taking advantage of pre-trial discovery not available in arbitration, delay, and expense. S & R Co. of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998).

Although litigation of substantial material issues may amount to waiver, delay in seeking arbitration does not create a waiver unless it prejudices the opposing party. Com-Tech Assocs. v. Computer Assocs. Int'l, Inc., 938 F.2d 1574, 1576 (2d Cir. 1991) (citations omitted). No "bright line" test determines the prejudice component of the waiver inquiry. Kramer v. Hammond, 943 F.2d 176, 179 (2d Cir.1991).

"The key to a waiver analysis is prejudice. '[W]aiver of the right to compel arbitration due to participation in litigation may be found only when prejudice to the other party is demonstrated.'…[The Second Circuit] has recognized two types of prejudice: substantive prejudice and prejudice due to excessive cost and time delay. Prejudice can be substantive, such as when a party loses a motion on the merits and then attempts, in effect, to relitigate the issue by invoking arbitration, or it can be found when a party too long postpones his invocation of his contractual right to arbitration, and thereby causes his adversary to incur unnecessary delay or expense." Thyssen, Inc. v. Calypso Shipping Corp., 310 F.3d 102, 105 (2d Cir. 2002) (internal citations omitted).

Prejudice results "when a party seeking to compel arbitration engages in discovery procedures not available in arbitration, makes motions going to the merits of an adversary's claims, or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense." Cotton v. Slone, 4 F.3d 176, 179 (2d Cir. 1993) (internal citations omitted).

6

As the Second Circuit has held, there is no bright-line test to determine when a party has waived its right to arbitrate. <u>Kramer</u> at 179. The determinative factor in deciding waiver, however, is prejudice to the party opposing arbitration. <u>Thyssen</u> at 105. In the instant case, as a direct result of Defendants' decision to file two independent motions in this action, Plaintiff has suffered both substantive prejudice, and prejudice due to excessive cost and time delay.

The substantive prejudice incurred by Plaintiff resulted from Defendants' unsuccessful FRCP Rule 12(b)(6) motion to dismiss the Complaint on the merits. As a result of their unsuccessful attempt to dismiss the action on the merits, Defendants are, in effect, attempting to relitigate the issues by invoking arbitration. Indeed, had Defendants' FRCP Rule 12(b)(6) motion to dismiss been granted, Plaintiff would suffer the *res judicata* effects of such a judgment. See <u>Teltronics Services, Inc.</u> at 34.

Defendants have caused Plaintiff to incur unnecessary delay and expense in forcing Plaintiff to respond to their FRCP Rule 12(b)(6) motion and the instant motion. Defendants had ample opportunity to provide Plaintiff's counsel with a copy of the arbitration agreement (1) before the filing of Plaintiff's charge of discrimination with the EEOC; (2) before the filing of this action; and (3) before filing their FRCP Rule 12(b)(6) motion to dismiss. On several occasions, counsel for Plaintiff communicated with counsel for Defendants before the filing of Plaintiff's complaint and was never informed of Defendants' desire to arbitrate. As early as July 2004, Defendants had the opportunity to inform Plaintiff's counsel of the existence of an arbitration agreement, which may have resulted in this action not being filed. Furthermore, counsel for Defendants had the opportunity to inform Plaintiff's counsel of the existence of the arbitration agreement when he requested additional time to respond to the complaint. Obviously,

7

the additional time was necessary to fully prepare the FRCP Rule 12(b)(6) motion to dismiss with no regard to enforcing the arbitration agreement. "To permit litigants to exercise their contractual rights to arbitrate...after they have deliberately chosen to participate in costly and extended litigation would defeat the purpose of arbitration: that disputes be resolved with dispatch and with a minimum of expense." Kramer at 180 (citations omitted)

The AAA does not have a mechanism similar to the FRCP Rule 12(b)(6) motion to dismiss. Defendants submitted to this Court's jurisdiction in attempting to dismiss the complaint under a Rule of the FRCP, which procedure is unavailable under either the Commercial Arbitration Rules of the AAA or the AAA's National Rules for the Resolution of Employment Disputes.[2] See AAA Rules for Commercial Arbitration and Resolution of Employment Disputes attached hereto as Plaintiff's Exhibits 6 and 7, respectively. Defendants' machinations in using a procedure not called for in the AAA's rules, although not specifically addressed in previous Second Circuit decisions regarding a finding of prejudice in waiver of arbitration analyses, can be compared to an analogous finding of prejudice in other Second Circuit decisions. "We have held that sufficient prejudice to sustain a finding of waiver exists when a party *takes advantage of pre-trial discovery not available in arbitration.* PPG Industries, Inc. v. Webster Auto Parts Inc., 128 F.3d 103, 109 (2d Cir. 1997) (emphasis added) citing Zwitserse Maatschappij Van Levensverzekering En Lijfrente v. ABN Int'l Capital Mkts. Corp., 996 F.2d 1478, 1480 (2d Cir. 1993), see also Cotton, 4 F.3d at 180 (basing finding of prejudice on delay and expense caused by defendant's extensive pre-trial litigation as well as defendant's *secur[ing] for himself the benefits of pretrial discovery that is often unavailable in an arbitral forum*) (emphasis added).

---

[2] Application of either one of these two sets of Rules is called for in the arbitration agreement that Defendants seek to enforce.

This prejudice goes to the heart of Plaintiff's opposition to Defendants' motion to compel arbitration and stay this action. Defendants have utilized the FRCP, which permit a litigant to move to dismiss an action on the pleadings under Rule 12(b)(6). This procedural device, however, is not readily available before the AAA, and Defendants have sought a tactical advantage by exercising the FRCP. Defendants are attempting to use this Court as both a sword and a shield. That is, in filing their FRCP Rule 12(b)(6) motion to dismiss the complaint, Defendants submitted to this Court's jurisdiction when it suited their ends, but upon failing in that endeavor they now seek to use the arbitration agreement to shield themselves from any further action in federal court.

Defendants chose a litigation strategy to have the complaint dismissed, and in the event that their FRCP Rule 12(b)(6) motion was unsuccessful, Defendants had their "Ace in the Hole" in the form of an arbitration agreement, which they sprung on Plaintiff's counsel on or about October 20, 2005, when they learned the results of their unsuccessful motion to dismiss. Defendants must not be permitted to use the resources of federal court when it suits their purpose only to retreat to an arbitration haven when their motion practice on the merits falls short of its aim.

II.     DEFENDANTS' FAILURE TO MOVE TO COMPEL ARBITRATION AND STAY THE PROCEEDINGS IN THEIR FRCP RULE 12(b)(6) MOTION CONSTITUTES IMPERMISSIBLE FORUM AND LAW SHOPPING

In <u>D.H. Blair & Co., Inc. v. Johnson</u>, not reported in F. Supp., 1995 WL 422162 (S.D.N.Y. 1995) attached hereto as Plaintiff's Exhibit 8, this Court discouraged forum shopping, and identified the forum shopping litigation tactic in <u>D.H. Blair & Co</u>. as a "museum-quality specimen." Plaintiff similarly views Defendants' forum and law shopping litigation tactic in the instant case as a "museum-quality specimen." The sole reason for Defendants' decision to file

9

separate motions in this action was an attempt to have the action dismissed on the merits, and having failed in that regard to file a motion to compel arbitration and stay the action; a litigation procedure that is not readily available before the AAA.

Defendants' actions in first filing an unsuccessful FRCP Rule 12(b)(6) motion to dismiss, and then filing a motion to compel arbitration and stay this action give off the "unmistakable aroma" of forum shopping which is contrary to the institutional interest of courts in discouraging forum shopping. Matter of U.S. Offshore, Inc. (Seabulk Offshore, Ltd.), 753 F. Supp. 86, 89 (S.D.N.Y. 1990).

If a court is faced with a case where the party attempting to invoke arbitration was truly responsible for seeking the proverbial second bite of the apple, it should bar the bite. Allied Sanitation, Inc. v. Waste Management Holdings, Inc., 97 F. Supp. 2d 320, 331 (E.D.N.Y. 2000). "A defendant's maneuvers that had the inevitable effect of causing plaintiff to expend substantial time and money, and that defendant's retreat to his contractual right to arbitration only after he had exhausted his pretrial maneuvers suggested a disingenuousness that the presumption in favor of arbitration was not intended to protect." Id. at 332.

The Second Circuit has recognized that prejudice can be substantive, such as when a party loses a motion on the merits and then attempts to relitigate the issue by invoking arbitration. This type of prejudice, therefore, precludes a party sensing an adverse court decision from having a second chance in another forum. Id. at 328 (internal quotations and citations omitted).

If Defendants are successful in compelling arbitration and staying this action, a party in a future action will be encouraged to do exactly as Defendants have done in this case. That is, wait for Plaintiff to file his/her complaint, move to dismiss the complaint pursuant to

10

FRCP Rule 12(b)(6), and then if unsuccessful, move to compel arbitration and stay the action.[3] Surely this is not what the FAA intended. The Second Circuit in <u>Sweater Bee By Banff, Ltd. v. Manhattan Indus., Inc.</u>, 754 F.2d 457 (2d Cir. 1985) was faced with this same argument advanced by the plaintiff in opposing defendant's motion to compel arbitration following the defendant's filing of a FRCP Rule 12(b)(6) motion to dismiss. The <u>Sweater Bee</u> plaintiff argued, among other things, that compelling arbitration would "disserve judicial economy." In support of this argument, the <u>Sweater Bee</u> plaintiff contended that permitting arbitration after the defendant made a FRCP Rule 12(b)(6) motion would "encourage unnecessary <u>Rule 12(b)(6)</u> motions in otherwise arbitrable cases." In rejecting this argument, the Second Circuit stated, "We see no signs of this, nor do we think it will take place." <u>Id</u>. at 465. With all due respect to the Second Circuit, this is exactly what has taken place in this case. Defendants have made an unnecessary FRCP Rule 12(b)(6) motion to dismiss what is an otherwise arbitrable case.[4]

If an arbitration agreement exists then the party wishing to exercise its rights under the agreement must be encouraged to do so at the earliest occasion, and not after unsuccessfully resorting to motion practice in federal court on the merits of the complaint. This encouragement may take place only after a party who uses a federal court both as a sword and a shield is instructed that such conduct constitutes impermissible forum and law shopping, and amounts to a waiver of the right to arbitrate.

### III.   FEDERAL COURTS HAVE THE AUTHORITY TO DETERMINE WHETHER A PARTY HAS WAIVED ITS RIGHT TO ARBITRATE

Defendants contend that "the parties expressly agreed that the arbitrators have 'exclusive authority' to determine whether the Arbitration Agreement is valid, enforceable or

---

[3] This is assuming, of course, that a valid arbitration agreement exists between the parties.

[4] Defendants concede that Plaintiff's discrimination claims are arbitrable. <u>See</u> Defendants' memorandum of law in support of motion to compel arbitration and stay this action, p. 14.

11

applicable to the parties' dispute." See Defendants' memorandum of law in support of motion to compel arbitration and stay this action, p. 17. The language of the arbitration agreement may confer such "exclusive authority" on an arbitration panel, this District Court, however, has jurisdiction to determine whether Defendants waived any such right to arbitrate.

The question of whether a party's pretrial conduct amounts to waiver of arbitration is purely a legal one. Leadertex at p. 25. A District Court may reach the question of waiver [of arbitration] whenever a party seeking arbitration has engaged in any prior litigation. Doctor's Associates, Inc. at 456.

Defendants engaged in prior litigation; Defendants motion to dismiss the action pursuant to FRCP Rule 12(b)(6) was a motion on the merits. See Teltronics Services, Inc. at 34. This Court has the authority to determine whether Defendants, by their conduct, waived their "right" to arbitrate, notwithstanding the "exclusive authority" language contained in the arbitration agreement.

"[Doctor Associates, Inc.] did not predicate a district court's ability to decide the issue of waiver on the condition that the party had engaged in substantial litigation. Rather, the court expressly held that a District Court could decide the issue whenever the party seeking arbitration had engaged in 'any prior litigation.'" Doctor Associates, Inc. at 456 n. 12. "Such a rule saves judicial resources and prevents needless line-drawing. It makes little sense to require a court to first determine whether a party has engaged in 'substantial litigation' before it can reach the issue of waiver, which itself requires determination of the same question. [The Second Circuit] find[s] that the district court properly concluded that it could decide the issue of waiver in light of petitioners' active participation in the litigation." Company of Kingston v. Latona Trucking, Inc., 159 F.3d 80, 83 (2d Cir. 1998).

In light of a parties' active participation in prior litigation on the merits of the dispute, it is proper for the district court itself to decide the issue of waiver rather than refer the matter to an arbitrator. Id. at 86.

## CONCLUSION

For the foregoing reasons, Defendants' motion to compel arbitration and stay this action should be denied in its entirety.

Dated: December 5, 2005
      Great Neck, New York

                                  BRENDAN CHAO
                                  Attorney & Counselor at Law

                                  By: _____
                                        Brendan Chao (BC 8811)

                                  Attorney for Plaintiff
                                  150 Great Neck Road, Suite 304
                                  Great Neck, New York 11021
                                  (516) 466-2033

TO:    David E. Schwartz, Esq.
        SKADDEN, ARPS, SLATE, MEAGHER & FLOM
        Attorneys for Defendants
        Four Times Square
        New York, New York 10036
        (212) 735-3000